# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3807

_____

Benny Ray Gully,                         *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   Northern District of Iowa.
Gary D. Maynard, Director of the         *
Iowa Department of Corrections; John     *   [UNPUBLISHED]
Ault, Warden, sued in his individual     *
and official capacities; Fontaine        *
Walker, Dentist, sued in his individual  *
and official capacities; Curt Daily,     *
(FDS) sued in his individual and         *
official capacities; Dirk Godsey, (FSC)  *
sued in his individual and official      *
capacities; Jim Glasgow, sued in his     *
individual and official capacities; Judy *
Swartz, sued in her individual and       *
official capacities; Roxy Alden, sued in *
her individual and official capacities;  *
Mike Woolsey, sued in his individual     *
and official capacities; Unknown Staff,  *
sued in their individual and official    *
capacities,                              *
                                         *
            Appellees.                   *

_____

Submitted: March 7, 2007
Filed: March 13, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Benny Ray Gully appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint. On initial review, the district court determined that the complaint should be dismissed because, while Gully had exhausted his administrative remedies on his failure-to-protect and deliberate-indifference claims, he had not submitted a grievance and exhausted administrative remedies on his retaliation claim. The court, however, also conducted a merits review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Administrative exhaustion is an affirmative defense, see Jones v. Bock, 127 S. Ct. 910, 919-22 (2007); and when fewer than all claims are administratively exhausted, a plaintiff should be allowed to proceed on the exhausted claims, see id. at 923-26. Nonetheless, we conclude that affirmance is warranted on the merits. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (review standard for § 1915(e)(2)(B) dismissal); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (review standard for § 1915(A)(b) dismissal). We agree with the district court that Gully's complaint allegations do not support a failure-to-protect claim against the food-service or kitchen-staff defendants. See Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998) (to establish Eighth Amendment failure-to-protect claim, inmate must show he was incarcerated under conditions posing substantial risk of serious harm, and defendants knew risk existed but deliberately disregarded it). We also agree that Gully could not base a deliberate-indifference claim on his own opinion as to what dental treatment he should have received or on the dentist's alleged negligence, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (disagreement with treatment

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence); <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996) (inmates have no constitutional right to particular type of treatment); and that the lack of complaint allegations against Gary Maynard and John Ault required their dismissal, <u>see</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985).  Finally, we conclude that Gully failed to state a retaliation claim, as he did not specify any named defendant who retaliated against him or who directed or knew of the alleged retaliation by unnamed others.  <u>See</u> <u>id.</u>

Accordingly, we affirm.

_____